**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

JERRY JOHNNY THOMPSON, JR.,    :
    :
        Plaintiff,    :
    :
        VS.    :
    :
Lieutenant LARRY BYRD, Captain    :      NO. 7:12-CV-99-HL-TQL
JULIUS COX, Corporal HOPE DAVIS,    :
Officers ESTER MATHIS, NICOLE    :
DANIELS, SARAH THOMPSON,    :
AMANDA HICKS, and RYAN LONG,    :
Sheriff AL WHITTINGTON, and    :
COLQUITT COUNTY SHERIFF'S    :
OFFICE,    :
        Defendants.    :      **ORDER & RECOMMENDATION**

_____

       Plaintiff **JERRY JOHNNY THOMPSON, JR.**, an inmate at the Colquitt County Jail

("CCJ"), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff

submitted a motion to amend, wherein he "clarifies" his original allegations and seeks to add a new

Defendant (Doc. 6). Plaintiff is entitled to amend his complaint once as a matter of course. Fed.

R. Civ. P. 15(a)(1). His motion is accordingly **GRANTED** and Officer Amanda Hicks is added as

a Defendant in this action.

       Plaintiff has also filed a motion to proceed *in forma pauperis* (Doc. 2).[1]  In reviewing

---

[1]  Plaintiff has filed at least one prior 42 U.S.C. § 1983 action under circumstances which would
constitute "strikes" for purposes of 28 U.S.C. § 1915(g). ***Thompson v. Brogden***, 7:06-cv-91 (HL) (M.D.
Ga. Sept. 26, 2006).  Plaintiff also filed a section 1983 case that he voluntarily dismissed after the
magistrate judge entered a recommendation of dismissal, pursuant to 28 U.S.C. § 1915(e), but before the
district judge acted on the recommendation. ***Thompson v. Stinnett***, 1:06-cv-562-MAC-KFG (E.D. Tex.
Sept. 22, 2006).

Plaintiff's financial information, it appears that Plaintiff is unable to prepay the entire $350 filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager of the CCJ.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff pleaded guilty to five counts of felony murder involving individuals of Mexican descent.  He has been sentenced to life in prison on one count and is being held at the CCJ pending sentencing on the other four counts.  ***See Thompson v. U.S.***, 7:5-cr-9-HL-TQL (M.D. Ga.) (Doc. 257).[2]  Plaintiff allegedly is scheduled to testify against a co-defendant in the murder case and possibly in other gang or drug related criminal cases in which Plaintiff served as a confidential

---

[2]  The Court has authority to take judicial notice of its own records. ***United States v. Rey***, 811 F.2d 1143, 1147 n.5 (11th Cir. 1987).

informant.

Plaintiff alleges that various CCJ officials deliberately housed him with inmates of Mexican descent or violent inmates, including a gang member against whom Plaintiff might testify, in retaliation for Plaintiff filing grievances at CCJ. Guards at the jail allegedly made comments to these inmates, such as stating that Plaintiff was a confidential informant, with the intent to provoke the inmates into attacking Plaintiff. According to Plaintiff, the following Defendants either participated directly in this activity or knew about it and failed to intervene: Lieutenant Larry Byrd, Captain Julius Cox, Corporal Hope Davis, and Officers Ester Mathis, Nicole Daniels, Sarah Thompson, Amanda Hicks, and Ryan Long. Plaintiff alleges that he suffered a number of physical attacks at the hands of inmates with whom he was housed.

In addition to the above Defendants, Plaintiff sues the Colquitt County Sheriff's Office and Sheriff Al Whittington. Plaintiff's only allegation against Whittington is that he failed to properly supervise the above Defendants.

## III.  DISCUSSION

### A.  Dismissed Defendants

#### 1.  The Colquitt County Sheriff's Office

The Colquitt County Sheriff's Office is not a suable entity. *See Lovelace v. DeKalb Cent. Probation*, 144 F. App'x 793, 795 (11th Cir. 2005) (DeKalb County Police Department not subject to suit under section 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."); *Bunyon v. Burke County*, 285 F.Supp.2d 1310, 1328 (S.D.Ga.2003) (dismissing claim against police department, reasoning it was not a legal entity subject to suit), *aff'd*,116 F. App'x. 249 (11th

4

Cir.2004); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga.1984) (concluding that the City of Atlanta police department is not a proper defendant, but "merely the vehicle through which the City government fulfills its policing functions"). Therefore, no action may be maintained against the Colquitt County Sheriff's Office under section 1983 and **DISMISSAL** of this Defendant is appropriate. **IT IS SO RECOMMENDED.**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to the above recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 2. Sheriff Al Whittington

Plaintiff seeks to hold Sheriff Al Whittington liable solely as the supervisor of his subordinates at the CCJ. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citations omitted). Instead, the supervisor must either personally participate in the unconstitutional conduct or there must be a causal connection between his acts and the alleged violation. A supervisor may thus be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)). "Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary." *King v. Henry*, 2011 WL 5877070 at *10 (N.D. Fla. Sept. 19, 2011). The standard by which a supervisor may be held liable for the actions of subordinates is "extremely

rigorous." *Cottone*, 326 F.3d at 1360.

Even construing Plaintiff's allegations liberally in his favor, he has not alleged a colorable claim for supervisory liability against Sheriff Whittington.  It is therefore **RECOMMENDED** that Sheriff Whittington be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to the above recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B.  Remaining Defendants

Construing the allegations in the complaint liberally in Plaintiff's favor, the Court concludes that Plaintiff has stated a colorable retaliation or failure to protect claim against Lieutenant Larry Byrd, Captain Julius Cox, Corporal Hope Davis, and Officers Ester Mathis, Nicole Daniels, Sarah Thompson, Amanda Hicks, and Ryan Long.  The Court will therefore allow this lawsuit to proceed against these Defendants.

In light of the foregoing, it is hereby **ORDERED** that service be made on said Defendants, and that they file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

**DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one

another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these

limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter

9

released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED AND RECOMMENDED**, this 2nd day of November 2012.


*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr